NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY L. BEHUNIN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1031

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-1151, Senior Judge William P. Greene, Jr.

---

Decided: May 21, 2024

---

GARY L. BEHUNIN, Sebastopol, CA, pro se.

RAFAEL SHAPIRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before CHEN, MAYER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Gary L. Behunin appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court), which affirmed a Board of Veterans' Appeals (Board) decision that denied an earlier effective date for Mr. Behunin's bilateral hearing loss and tinnitus. Mr. Behunin contends that he is entitled to an earlier effective date because he was misinformed about his eligibility for benefits. We *dismiss* this appeal for lack of jurisdiction.

I.

Mr. Behunin served on active duty in the United States Marine Corps from July 1959 to April 1963. *Behunin v. McDonough*, No. 21-1151, 2023 WL 5197313, at *1 (Vet. App. Aug. 14, 2023) (*Decision*). Mr. Behunin alleges that he was "constantly subjected to extremely loud blasts and other loud noises without the aid of hearing protection" during his service in the Marine Corps. Informal Opening Br. at 3.

In January 2013, Mr. Behunin submitted an intent to file a claim for service-connected bilateral hearing loss and tinnitus. *Decision*, 2023 WL 5197313, at *1. He then filed his claim two months later. *Id.* In January 2014, the Department of Veterans Affairs (VA) granted service connection for both disabilities. *Id.* The VA initially assigned an effective date of March 2013 but later revised this date to January 2013. *Id.*

Relevant to this appeal, Mr. Behunin filed a notice of disagreement seeking an earlier effective date of April 13, 1963, one day after his discharge from the Marine Corps.[1]

---

[1] The record is inconsistent about whether his discharge date is April 12 or 13. The precise date is immaterial for this appeal.

*Id.*; Appx. 9, 60.[2] Mr. Behunin contended that he would have sought disability benefits immediately after being discharged but was dissuaded because "at the time of his discharge from the Marine Corps, a processing administrative officer advised him against seeking VA benefits." *Decision*, 2023 WL 5197313, at \*2. He argued that the VA should consider this conversation with the administrative officer as an informal claim for service connection. *Id.*

The Board rejected this argument. It could not identify "any evidence of filing or intent to file a claim for benefits prior to January 25, 2013." Appx. 10. It also found Mr. Behunin's account uncorroborated at least because the name of the processing administrative officer was "not in any of the Veteran's separation documents" from 1963. *Id.*

On appeal, the Veterans Court affirmed. It found that "the Board clearly erred" because "the administrative officer's name clearly appears on Mr. Behunin's DD-214." *Decision*, 2023 WL 5197313, at \*3. But according to the Veterans Court, this error was harmless because the conversation with the administrative officer would not count as an informal claim, which must be in writing. *Id.* at \*4. The Veterans Court further rejected Mr. Behunin's contention that he would have filed a claim but for this conversation with the administrative officer, determining that "equitable estoppel is not available to override the claim-filing effective date limits of [38 U.S.C. § 5110]" and "[e]quitable tolling is also unavailable." *Id.* at \*4 (citing *Taylor v. McDonough*, 71 F.4th 909, 927–28 (Fed. Cir. 2023) (en banc); *Arellano v. McDonough*, 1 F.4th 1059, 1083 (Fed. Cir. 2021) (Chen, J., concurring)).

Mr. Behunin timely appealed.

---

[2]   "Appx." refers to the appendix filed with the government's response brief, ECF No. 14.

## II.

We lack jurisdiction to hear this appeal. We have jurisdiction to decide "questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Behunin does not present any legal challenges to the Veterans Court's decision. He argues that "special and unusual circumstances" permit us to toll the effective-date limits of 38 U.S.C. § 5110 because he "was misinformed about VA benefits eligibility." Informal Opening Br. 13. He does not dispute that he first submitted a written intent to file a claim for benefits in January 2013. *See id.* at 7, 13. We lack jurisdiction to review the Veterans Court's application of 38 U.S.C. § 5110 to the facts of this case. 38 U.S.C. § 7292(d)(2).[3]

Mr. Behunin also appears to challenge certain factual determinations as to whether he was properly informed of his eligibility for VA benefits. *See* Informal Opening Br. 10–11, 13–14. We also lack jurisdiction to review those factual challenges. 38 U.S.C. § 7292(d)(2).

## III.

We have considered Mr. Behunin's remaining arguments and find them unpersuasive. This appeal is therefore *dismissed* because we lack jurisdiction.

---

[3]   To the extent Mr. Behunin presents a legal challenge, the Veterans Court was correct in relying on precedent to determine that neither equitable tolling nor equitable estoppel apply to 38 U.S.C. § 5110. *See Arellano v. McDonough*, 598 U.S. 1, 4, 8–10 (2023) (equitable tolling); *Taylor*, 71 F.4th at 927–28 (equitable estoppel).

## DISMISSED

COSTS

No costs.